Arnoux, J.
[Concurring.]—From an examination of the evidence my individual opinion is that the payment alleged by plaintiff, as matter of fact was never made; but the law wisely places the decision of matters of fact exclusively in the province of the jury, with such control by the court as shall prevent a miscarriage of justice. Unless the jury have unmistakably and palpably decided against the weight of evidence we should not and cannot interfere. That they had not' so done was the determination of the trial judge, who had the opportunity of seeing and hearing the witnesses, which is denied to ns, and we must defer to his more enlightened judgment.
•The defendant can only succeed, if at all, by the plea of forfeiture.
In September, 1876, plaintiff bought at auction of defendant five hundred tons of coal, under certain terms of sale, which required a payment of fifty cents per ton, and which further provided: “ The coal to be taken away during the month of October, 1876. Should the purchaser fail to take it away during the month, the company may at their option, at any time thereafter, discontinue further deliveries and retain the fifty cents per ton deposited on the day of sale.’ ’ Defendant delivered to plaintiff on said purchase three hundred tons in October and November, and one hundred tons in February following, and plaintiff in said last month demanded the balance, on which he claimed a credit for said $250. The demand was refused, and the payment, as matter of fact, denied. This was the only ground of refusal. If the company had had a right of forfeiture, as claimed by its counsel, it was waived by the subsequent delivery, and by failure to assign that reason. But they had no such right. The moneys *127 paid on account were so paid to secure the company against loss by fall in the future market price, and they were limited to the amount specified—fifty cents per ton. This was a severable, and not a gross sum. The company, under the express terms of this contract, might have delivered to defendant one hundred tons in October, November, December, and January each, and have refused in February to deliver the remaining one hundred tons. In such case, as each lot was delivered the purchaser had a right to a credit of $50, and the company could only hold the last $50 for the remaining one hundred tons.
If the company had refused to deliver this last lot of coal on the ground that under their option they chose to discontinue further deliveries, and had retained so much of the deposit as related to that portion of the coal, a question would have been presented that might have availed defendant in this action; but we can only affirm the judgment and order appealed from.